MEMORANDUM ***
DeShann Traylor (“Traylor”) appeals, pursuant to a conditional plea agreement, the district court’s denial of his motion to suppress evidence obtained through a wiretap. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court’s denial of the motion to suppress, United States v. Jones, 286 F.3d 1146, 1150 (9th Cir.2002), and the determination of “whether [the] application for [the] wiretap order is supported by a full and complete statement of the facts in compliance with 18 U.S.C. § 2518(1)(c),” United States v. Rivera, 527 F.3d 891, 898 (9th Cir.2008) (citations omitted), cert. denied, — U.S. —, 129 S.Ct. 654, 172 L.Ed.2d 631 (2008). However, we review “the issuing judge’s conclusion that the wiretap was necessary” for abuse of discretion. Id. at 898 (citation omitted). We affirm the district court’s denial of the suppression motion.
In reviewing a finding of necessity, “we employ a common sense approach to evaluate the reasonableness of the government’s good faith efforts to use traditional investigative tactics or its decision to forgo such tactics based on the unlikelihood of their success or the probable risk of danger involved with their use.” United States v. Reed, 575 F.3d 900, 909 (9th Cir.2009) (citations and internal marks omitted).
The district court that authorized the wiretap application did not abuse its discretion when it determined that the government had established that the wiretap was necessary. The government sought the wiretap over four years after it first began interviewing confidential informants and 23 months after its investigation, which used multiple techniques including surveillance and controlled buys by confidential informants, began in earnest. See Rivera, 527 F.3d at 902-03 (finding necessity where the government did not seek wiretap as initial step in 19-month investigation and numerous techniques were used and considered). Although one confidential informant had made numerous controlled purchases from the targets, continued use of the informant would not have achieved the ultimate goals of the investigation, which included uncovering the organization of the conspiracy, identifying *144 the suppliers and major customers of the conspiracy, and discovering the roles and identities of all of the participants. See United States v. Torres, 908 F.2d 1417, 1422 (9th Cir.1990) (stating that, in the context of drug conspiracies, the Ninth Circuit has “consistently upheld findings of necessity where traditional investigative techniques lead only to apprehension and prosecution of the main conspirators, but not to apprehension and prosecution of suppliers, major buyers or other satellite conspirators”). Despite a year-and-a-half of increasing purchases from the targets, this informant still had nothing more than a buyer/seller relationship with the targets and had not become an inside member of the conspiracy. See United States v. Bennett, 219 F.3d 1117, 1121-23 (9th Cir.2000) (finding necessity even though informant was a “drug customer” able to make monitored drug buys because informant was not an “involved member of the drug-trafficking organization” and therefore was unable to penetrate the organization or identify suppliers and other members of the organization).
It is unlikely that the various investigative efforts suggested by Traylor would have achieved the goals of the investigation. Moreover, even if such efforts may have aided the investigation, wiretap evidence will not be suppressed merely because a defendant, with the benefit of hindsight, suggests alternative ways that the government could have pursued its investigation. United States v. Carneiro, 861 F.2d 1171, 1178 (9th Cir.1988) (citations omitted).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.